# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

## No. 95-50098

## POLO CLUB OFFICE PARK,

**Plaintiff,**

### VERSUS

## WILLIAM A. FREED, ET AL.,

**Defendants,**
### AND

## WILLIAM A. FREED, SOL FREED AND JACK SPIRT,

**Third Party Plaintiffs-Appellees,**

### VERSUS

## SAN MARCOS PROPERTIES, LTD.,

**Third Party Defendant-Appellant.**

Appeal from the United States District Court
For the Western District of Texas

(A-94-CA-23)

February 23, 1996

Before SMITH, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a judgment granting indemnification in favor of several limited partners against their limited partnership, which appeals the ruling. Finding that the limited partnership waived its sole issue on appeal, we AFFIRM the judgment of the district court.

## BACKGROUND

In November 1984, Irving Wallerstein executed a $775,000 real estate lien note to Interfirst Bank Austin for the purchase of real estate. The note was secured by a lien on the property. William Freed, Sol Freed and Jack Spirt ("guarantors") guaranteed the note.

The note was modified and renewed several times and, eventually, a limited partnership was created with Wallerstein as general partner and the guarantors (and several others) as limited partners. This limited partnership was known as San Marcos Properties, Ltd. ("San Marcos"). The property was conveyed to San Marcos and it assumed the liability on the note. The limited partnership agreement contained an indemnification clause which indemnified the partners for all payments reasonably made in the ordinary course of partnership business.

The note went into default in October 1992. In 1993, the FDIC, which had acquired the note from Interfirst, assigned the note to Polo Club Office Park ("Polo Club"). In 1994, Polo Club sued the guarantors in federal district court for breach of contract and to foreclose on the property.[1]

---

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] Federal jurisdiction was based on diversity of citizenship, as Polo Club was a Kansas partnership and the guarantors were Texas citizens.

2

The guarantors brought a third party action against San Marcos, seeking indemnification pursuant to the limited partnership agreement for any money they paid Polo Club. Before trial, the guarantors settled with Polo Club, paying it $138,750. However, the guarantors continued their suit against San Marcos.

Just days before trial, San Marcos sought leave to file an amended answer, adding the defense that the guarantors were acting as guarantors, not limited partners, when they settled with Polo Club. The district court denied the motion, finding that it was filed too late and that granting it would prejudice the guarantors.

During its opening statement, San Marcos asserted that the guarantors were acting solely as guarantors, not limited partners, when they settled with Polo Club. Immediately after the opening statement, the district court noted that "[t]he argument [San Marcos] just made is basically the argument . . . that the court wouldn't let [them] file."

After a bench trial, the district court found in favor of the guarantors and ordered San Marcos to indemnify them for the amount they paid to Polo Club, as well as attorneys' fees and expenses.

## DISCUSSION

The sole issue on appeal is whether the guarantors were acting solely as guarantors, and not as limited partners, when they settled with Polo Club. San Marcos claims that because they were acting as guarantors, they are not entitled to indemnification under the limited partnership agreement. On appeal, San Marcos does not argue that the district court erred in denying leave to amend its answer.[2]

---

[2] Issues not raised on appeal are waived. *See **Randall v. Chevron U.S.A., Inc.**,* 13 F.3d 888, 911 (5th Cir. 1994).

Because San Marcos was not allowed to amend its answer and include the defense, the issue of the guarantors settling only as guarantors was not properly before the district court. San Marcos is therefore attempting to raise the issue for the first time upon appeal.[3] San Marcos could have appealed the district court's denial of leave to amend; it chose not to do so. Instead, San Marcos argues that the district court erred in finding that the guarantors settled with Polo Club as limited partners, when they were acting as guarantors.

Issues raised for the first time upon appeal are not reviewable, "unless they involve purely legal questions and failure to consider them would result in manifest injustice." *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *United States Dep't of Labor v. Kast Metals Corp.*, 744 F.2d 1145, 1149 n.3 (5th Cir. 1984); *American Surety Co. of New York v. Coblentz*, 381 F.2d 185, 189 (5th Cir. 1967).[4]

This case does not turn upon a purely legal issue. We have held previously that contract interpretation is not a purely legal issue. *Atlantic Mutual*, 797 F.2d at 1293; *Nissho-Imai Co. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1549 (5th Cir. 1984).

---

[3] Issues raised in pleadings that are excluded by order of the district court are not properly before the court. Any other construction would render a nullity Federal Rule of Civil Procedure 15(a), which requires leave to amend pleadings.

[4] Several cases in our circuit identify the standard as "unless it involves a purely legal question *or* failure to consider it would result in a miscarriage of justice." *See, e.g.,* ***First United Financial Corp. v. Specialty Oil Co., Inc*.** 5 F.3d 944, 948 (5th Cir. 1993); ***Atlantic Mutual Ins. Co. v. Truck Ins. Exchange***, 797 F.2d 1288, 1293 (5th Cir. 1986); ***Callejo v. Bancomer, S.A.***, 764 F.2d 1101, 1117 n.20 (5th Cir. 1985).

However, because the older cases, such as ***Coblentz***, use the conjunctive standard, that is the correct one. ***Smith v. Penrod Drilling Corp.***, 960 F.2d 456, 459 n.2 (5th Cir. 1992) ("In the event of conflicting panel opinions from this court, the earlier one controls, as one panel of this court may not overrule another."). Therefore, the proper standard for determining when an issue may be raised for the first time upon appeal is that it (1) must involve a purely legal issue *and* (2) failure to consider the issue would result in manifest injustice.

Likewise, no miscarriage of justice will result if this issue is not considered. Because the district court denied leave to amend the answer, no evidence was presented on the guarantor/limited partner issue and the guarantors were not given an opportunity to introduce evidence regarding the capacity in which they settled with Polo Club. Therefore, consideration of this issue on appeal would prejudice the guarantors. *Atlantic Mutual*, 797 F.2d at 1293.

## CONCLUSION

Therefore, San Marcos waived the issue of whether the guarantors settled with Polo Club as a guarantor rather than as a limited partner. Because San Marcos waived its sole issue on appeal, the judgment of the district court is AFFIRMED.